IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUAN JOSE ZUNO (GODINEZ) a/k/a | : | CIVIL ACTION |
| RAFAEL ESPINOSA a/k/a | : | |
| RAFAEL ESPINOSA NAPOLES a/k/a | : | |
| RAFAEL E. NAPOLES | : | |
| | : | |
| v. | : | |
| | : | |
| WAL-MART STORES, INC.; | : | NO. 06-2392 |
| WAL-MART STORES EAST, INC,; | : | |
| WAL-MART STORES EAST, LP, and | : | |
| WAL-MART REALTY COMPANY | : | |

**MEMORANDUM AND ORDER**

M. FAITH ANGELL                                                                                November 5, 2009
UNITED STATES MAGISTRATE JUDGE

On December 5, 2006, the parties in this matter filed a notice of consent to have me conduct all further proceedings in this action. *See* Docket Entry No. 23. On January 8, 2007, the Honorable Clifford Scott Green ordered that the case be referred to me for all further proceedings and entry of judgment. *See* Docket Entry No. 25.

On May 29, 2009, I granted the Motion for Summary Judgment filed by Defendants Wal-Mart Stores, Inc.; Wal-Mart Stores East, Inc.; Wal-Mart Stores East, LP, and Wal-Mart Realty Company.[1]  *See* Docket Entry No. 84. Plaintiff Juan Jose Zuno (Godinez) a/k/a Rafael Espinosa a/k/a Rafael Espinosa Napoles a/k/a Rafael E. Napoles[2] raised three (3) issues in a Motion for reconsideration and/or alteration or amendment of judgment, to which Wal-Mart Defendants

---

[1] Hereinafter Wal-Mart Defendants.

[2] Hereinafter Mr. Zuno.

responded. For the reasons stated below, I deny Mr. Zuno's motion for reconsideration.

## I. BACKGROUND

I presented the factual background in my Memorandum and Order dated May 29, 2009, as follows:

> Mr. Zuno was employed by Hansen-Rice, Inc., a roofing contractor hired by Wal-Mart Stores, Inc. and/or Wal-Mart Stores East, LP as the Metal Building Contractor for the Wal-Mart Mechanized Distribution Center in Pottsville, Pennsylvania. On or about July 27, 2005, at approximately 3:35 p.m., Plaintiff was performing metal deck roofing work on the roof of one of the buildings at the Center when a storm approached.
>
> A general warning about the approaching storm was broadcast over the Wal-Mart radio system, so Mr. Zuno and his co-workers began to secure loose materials on the roof and evacuate the roof. When the storm hit, the ferocity of the rain and wind caused objects on the roof to fly about.
>
> As Plaintiff ran to exit the roof, he was struck by a metal roof sheet and was blown off the roof. He was taken by ambulance to the Hershey Trauma Center where it was determined that Mr. Zuno had suffered numerous bone fractures to his arm, face, and leg, but he had received no internal organ damage, nerve damage or internal bleeding.

*Napoles v. Wal-Mart Stores, Inc., et al.,* CA No. 06-2392, Memorandum and Order at 2-3 (E.D.Pa., May 29, 2009).[3]

## II. MOTION FOR RECONSIDERATION

In his motion for reconsideration and/or alteration or amendment of judgment, Plaintiff asserts that his motion must be granted on the basis of new evidence, and that Wal-Mart Defendants' motion for summary judgment should not have been granted where Mr. Zuno presented numerous

---

[3]Hereinafter Memorandum and Order.

instances of disputed material facts, which were overlooked by the court. *See* Plaintiff's Motion for Reconsideration and/or Alteration or Amendment of Judgment[4] at I.

### III. <u>DISCUSSION</u>

**A. Legal Standard**

"Federal Rule of Civil Procedure 59(e) allows parties to file a motion to alter or amend a judgment, and, under our local rules, a Rule 59(e) motion is a motion for reconsideration." *Conway v. A. I. DuPont Hospital for Children, et al.*, 2009 WL 1492178 *2 (E.D.Pa. May 26, 2009). Plaintiff filed this motion pursuant to our Local Rule of Civil Procedure 7.1(g). As explained by the Third Circuit:

> The purpose of a motion for reconsideration, we have held, is to correct manifest errors of law or fact or to present newly discovered evidence. Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.

*Max's Seafood Café by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (internal quotations and citations omitted). "It is improper on a motion for reconsideration to ask the Court to rethink what [it] had already thought through-rightly or wrongly." *Glendon Energy Company v. Borough of Glendon*, 836 F.Supp. 1109, 1122 (E.D.Pa. 1993) (internal quotations and citations omitted). "The moving party must show more than mere disappointment or pique with the Court's ruling in order for reconsideration to be granted." *Helfrich v. Lehigh Valley Hospital*, 2005 WL 1715689 *3 (E.D.Pa. July 21, 2005).

---

[4]Hereinafter Plaintiff's Motion.

B. Analysis[5]

    1. New Evidence

Mr. Zuno asserts that new evidence is available that was not available when the motion for summary judgment was granted. *See* Plaintiff's Memorandum of Law in Support of Motion for Reconsideration and/or Alteration or Amendment of Judgement[6] at 5.

"Where evidence is not newly discovered, a party may not submit that evidence in support of a motion for reconsideration." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). "A district court may properly refuse to consider evidence presented in a motion for reconsideration when the evidence was available prior to summary judgment." *Bailey v. United Airlines*, 279 F.3d 194, 201 (3d Cir. 2002) (internal citation omitted). "Documents that are not a part of the record when a district court decides a summary judgment motion cannot be submitted as evidence in support of a motion for reconsideration of the grant of summary judgment." *Conway*, 2009 WL 1492178 *3.

The evidence Plaintiff refers to is the report of his expert, Stephen A. Estrin. Mr. Zuno faults this Court's scheduling order, which required the submission of a motion for summary judgment prior to the due date for expert reports, for allegedly depriving the Court of the benefit of reading this report.

Mr. Zuno is correct that the pretrial scheduling order in this matter did require the submission of a dispositive motion prior to the exchange of expert reports. I note, however, that Wal-Mart Defendants submitted for my review a Supplemental Memorandum of Law in Support of Only Wal

---

[5] Mr. Zuno does not argue an intervening change in the controlling law.

[6] Hereinafter Plaintiff's Memo.

4

Mart Stores, East, Inc.'s Motion for Summary Judgment (Docket Entry No. 80) in which is cited a portion of Mr. Estrin's report. Plaintiff followed this supplemental memo with a response (Docket Entry No. 81) which also mentions Mr. Estrin and his report. Evidently, Plaintiff's expert report had been completed and made available to opposing counsel prior to my decision on summary judgment, but Mr. Zuno did not feel the need to attach it as an exhibit to his response to Wal-Mart Defendants' supplemental memo for my edification and consideration. Nowhere in my scheduling order does it state that parties would be prevented from attaching exhibits of their choosing to memoranda filed with the Court.

It was Plaintiff's strategic decision not to make Mr. Estrin's report a part of the record prior to my decision concerning summary judgment in this matter. As such, it cannot be submitted as "new" evidence in support of this motion for reconsideration.

2. Need to Correct a Clear Error of Law or Fact or to Prevent Manifest Injustice

Mr. Zuno also claims that he presented in his response to Wal-Mart Defendants' motion for summary judgment "numerous instances of disputed material facts" which I apparently "overlooked": a) "there is ample evidence to present to a jury that Wal-Mart, as General Contractor and Construction Manager, retained control of the worksite and Hansen-Rice's means and methods"; b) "there is ample evidence to present to a jury that Wal-Mart, as owner and possessor of land, had a duty to protect Juan Zuno regardless of the obvious nature of the risk because Wal-mart should have realized its contractors would not act appropriately"; and c) "there is ample evidence to present to a jury that the risk posed to Juan Zuno was a peculiar risk". Plaintiff's Memo at 9, 12, 14.

"Reconsideration is the appropriate means of bringing to the court's attention manifest errors of fact or law". *Conway*, 2009 WL 1492178 *5 (*quoting Max's Seafood Café*, 176 F.3d at 678).

However, "motions for reconsideration should not give parties a 'second bite at the apple' or 'another role of the dice'". *Conway*, 2009 WL 1492178 *4; *see also Blunt v. Lower Merion School District, et al.*, 559 F.Supp.2d 548, 574 (E.D.Pa. 2008). "A litigant that fails in its first attempt to persuade a court to adopt its position may not use a motion for reconsideration either to attempt a new approach or correct mistakes it made in its previous one." *Id.*

Mr. Zuno first lists several "material facts and expert opinions" that he feels I "likely overlooked in granting summary judgment" in regard to the "retained control" exception. Plaintiff's Memo at 9-11. He also mentions that "there is a dispute between Juan Zuno's and Wal-Mart's respective experts concerning the applicable industry standard where a party acts as a general contractor without an express contract". The issue of the retained control exception was extensively briefed and squarely before me as I considered the Wal-Mart Defendants' motion for summary judgment. The Court is not required to address every piece of evidence and/or testimony in its opinion, and the fact that each item on Plaintiff's list was not specifically addressed in my memorandum does not mean that it was not appropriately considered. He may not now re-argue his issues.

In Plaintiff's next assertion, he states that there is ample evidence to present to a jury that Wal-Mart had a duty to protect Mr. Zuno from this risk because "Wal-Mart should have realized its contractors would not act appropriately". Plaintiff's Memo at 12. This declaration is argumentative to Wal-Mart's contractors and worthy of very little notice by me in addressing this motion. And, once again, Mr. Estrin's report does not qualify as new evidence to be considered in this venue.

Ultimately, Mr. Zuno takes issue with the "peculiar risk" exception. The tasks required of Ms. Ross and Mr. Brown, which are listed in Plaintiff's motion, are not facts which were overlooked

in my assessment of summary judgment in this matter. They are facts which were fully discussed in my Memorandum and Order. *See* Memorandum and Order at 8, n. 12; 9; 14, n. 16; 17-19; 20-21. Also, Plaintiff makes a point of stating that Mr. Zuno was an "iron worker". Plaintiff's Memo at 14. There has never been an issue as to the type of work performed by Mr. Zuno at that site on the day of the incident, nor that the Court did not understand what he was doing. Whether Plaintiff is called an "iron worker" or someone who was performing "metal deck roofing work" (Memorandum and Order at 3), the legal analysis surrounding the duty owed to him by the Wal-Mart Defendants remains the same.

The arguments made by Plaintiff herein do not convince me that my Memorandum and Order granting summary judgment to the Wal-Mart Defendants is manifestly wrong as to any material facts or as to the law.

### IV. **CONCLUSION**

For the foregoing reasons, Plaintiff's motion for reconsideration will be denied. An appropriate Order will follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUAN JOSE ZUNO (GODINEZ) a/k/a | : | CIVIL ACTION |
| RAFAEL ESPINOSA a/k/a | : | |
| RAFAEL ESPINOSA NAPOLES a/k/a | : | |
| RAFAEL E. NAPOLES | : | |
| | : | |
| v. | : | |
| | : | |
| WAL-MART STORES, INC.; | : | NO. 06-2392 |
| WAL-MART STORES, EAST, INC.; | : | |
| WAL-MART STORES EAST, LP and | : | |
| WAL-MART REALTY COMPANY | : | |

## **ORDER**

AND NOW, this 5th day of November, 2009, upon consideration of Plaintiff's motion for reconsideration and/or alteration or amendment of judgment and all papers submitted in support thereof, and in opposition thereto, it is hereby **ORDERED** that the Motion for Reconsideration and/or Alteration or Amendment of Judgment (Docket Entry No. 85) is DENIED.

BY THE COURT:


 S/M. FAITH ANGELL
 M. FAITH ANGELL
 UNITED STATES MAGISTRATE JUDGE